FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YASMIN IBARRA ORTEGA and WILLIAMS CISNEROS CORTEZ,<br><br>Plaintiffs,<br><br>v.<br><br>LOREN K. MILLER, KRISTI NOEM, KIKA SCOTT, MARCO RUBIO, CONN SCHRADER, and MARGARET L. TAYLOR,<br><br>Defendants. | No. 1:25-CV-03066-MKD<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>**ECF No. 11** |

Before the Court is Defendants' Motion to Dismiss. ECF No. 11. ECF No. 1. Destiny Soto and Héctor Quiroga represent Plaintiffs. Molly Smith and Jacob Brooks represent Defendants. The Court has reviewed the record and is fully informed. For the reasons set forth below, the Court grants the motion.

## BACKGROUND

The following facts are alleged in Plaintiffs' Complaint. ECF No. 1. On January 8, 2018, Plaintiff Ortega filed an I-130 Petition on behalf of Plaintiff

ORDER - 1

Cortez, her spouse, which was approved by USCIS. *Id.* at 5 ¶ 14. Plaintiff Cortez subsequently filed and received approval of a Form I-601A provisional unlawful presence waiver, allowing him to attend a consular interview in Mexico. *Id.* at 5 ¶¶ 15-16. Following his interview on February 23, 2023, a consular officer found Plaintiff Cortez inadmissible under 8 U.S.C. §§ 1182(a)(6)(C) (fraud) and (a)(9)(B) (prior unlawful presence in the United States), rendering the provisional waiver void. *Id.* at 5 ¶¶ 17-18; ECF No. 1-3 at 13. As a result of this denial, Plaintiff Cortez "must stay in Mexico until the adjudication of his case." ECF No. 1 at 5 ¶ 19. Plaintiff Cortez filed a new I-601 waiver application on April 17, 2023, seeking a discretionary waiver of both inadmissibility grounds. *Id.* at 5-6 ¶ 19. That application remains pending. *Id.* at 6 ¶ 22.

  Plaintiffs filed the instant Complaint on May 16, 2025, seeking to compel "unreasonably delayed government action on the adjudicating" of Plaintiff Cortez's second I-601 waiver application. *Id.* at 1 ¶ 1. Defendants moved to dismiss on July 28, 2025. ECF No. 11.

## LEGAL STANDARD

  A motion to dismiss may be brought for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court's review of a facial attack, as here, is limited to the allegations in the

ORDER - 2

complaint. *Id.* If the jurisdictional attack is successful, the Court must dismiss the action. Fed. R. Civ. 12(h)(3).

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## DISCUSSION

Defendants move to dismiss Plaintiffs' APA and Mandamus Act claims for lack of subject matter jurisdiction, contending the Immigration and Nationality Act ("INA") prohibits judicial review of them. Defendants also move to dismiss Plaintiffs' Due Process claim, contending it fails to state a claim. The Court agrees and addresses each in turn. Because the Court concludes it lacks jurisdiction over

ORDER - 3

Plaintiffs' APA and Mandamus Act claims, it need not address Defendants' alternative argument that these claims also fail to state a claim.

**A. INA**

The INA contains a comprehensive scheme governing review of immigration-related decisions. 8 U.S.C. § 1252(a)(2)(B)(ii) provides that:

> [N]otwithstanding any other provision of law (statutory or nonstatutory) … no court shall have jurisdiction to review … any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…

The Supreme Court has clarified that the phrase "this subchapter" in § 1252(a)(2)(B)(ii) refers to Subchapter II of Chapter 12 of Title 8, *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010), which comprises 8 U.S.C. §§ 1151-1381 and necessarily includes §§ 1182(a)(9)(B)(v) and 1182(i), the waiver provisions at issue here.

The waiver provisions at issue here both confer discretion to the Secretary and also independently remove judicial review. Section 1182(a)(9)(B)(v) provides that the Secretary "has sole discretion to waive" inadmissibility and that "[n]o court shall have jurisdiction to review a decision or action by the Attorney General

ORDER - 4

regarding a waiver under this clause."[1]  Section 1182(i)(2) contains parallel language precluding jurisdiction over "a decision or action … regarding a waiver under this subsection."[2]

The Supreme Court has instructed that such jurisdiction-stripping provisions must be applied according to their plain text.  See *Bouarfa v. Mayorkas*, 604 U.S. 6, 14 (2024) ("Context reinforces what the text makes plain."); *Patel v. Garland*, 596 U.S. 328, 338-40 (2022) (stressing adherence to "text and context" and "the

---

[1] 8 U.S.C. § 1182(a)(9)(B)(i) sets forth the definition of "[a]liens unlawfully present."

[2] 8 U.S.C. § 1182(i)(1) prescribes that "[t]he Attorney General may, in the discretion of the Attorney General, waive the application of clause (i) of subsection (a)(6)(C) in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien or, in the case of a VAWA self-petitioner, the alien demonstrates extreme hardship to the alien or the alien's United States citizen, lawful permanent resident, or qualified alien parent or child."

ORDER - 5

most natural meaning of the text"). The plain text of these provisions demonstrates Congressional intent to bar judicial review of both the substance and the process of adjudicating discretionary waivers.

Resisting this conclusion, Plaintiffs contend the Court retains jurisdiction over their Complaint because it challenges agency *inaction*, not a discretionary "decision or action." ECF No. 12 at 5. Plaintiffs argue the agency has a nondiscretionary duty to act within a "reasonable time" under 5 U.S.C. § 555(b), regardless of discretion over the ultimate outcome. ECF No. 12 at 7. However, the relevant statutory text forecloses this distinction. Sections 1182(a)(9)(B)(v) and 1182(i)(2) preclude review of any "decision or action … regarding a waiver." As courts have recognized, "action" in this context includes the timing and sequencing of agency adjudication. *See Mejia de Reyes v. Miller*, No. 4:23-cv-5121, 2024 WL 2947716, at *6 (E.D. Wash. June 11, 2024); *Mohsenzadeh v. Kelly*, 276 F. Supp. 3d 1007, 1013 (S.D. Cal. 2017). This reading is consistent with the ordinary meaning of "action," which encompasses both affirmative decisions and the conduct of agency processes, and Congressional intent to "protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve." *Norton v. S. Utah Wilderness All.*, 542

ORDER - 6

U.S. 55, 66 (2004).  The Court discerns no basis to depart from or otherwise reconsider the holdings of *Mejia de Reyes* and *Mohsenzadeh*.

Because Congress specifically barred review of "any … action … regarding a waiver," 8 U.S.C. §§ 1182(a)(9)(B)(v), 1182(i)(2), the Court must give effect to that unambiguous command.  *See Bouarfa*, 604 U.S. at 13-14 (holding that identical "decision or action … regarding a waiver" language precludes judicial review).

**B. APA and Mandamus Act**

Plaintiffs' APA and Mandamus Act claims do not confer jurisdiction.  The APA expressly provides that it does not apply where "statutes preclude judicial review" or where "agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1), (2).  Because Congress has expressly committed waiver adjudications and their timing to the Secretary's discretion, as discussed above, APA review is unavailable.  Likewise, mandamus jurisdiction exists only to compel a "clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  USCIS's allocation of resources and determination of adjudication timelines for discretionary waivers are not ministerial acts but matters committed to agency judgment. *See, e.g.*, *U.S. ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931) ("[Mandamus] will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined.  The law must not only

ORDER - 7

authorize the demanded action, but require it; the duty must be clear and indisputable.") (citations omitted); *cf. In re Barr Labs., Inc.*, 930 F.2d 72, 76 (D.C. Cir. 1991) ("The agency is in a unique—and authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way."). Because no clear duty exists, mandamus cannot lie.

**C. Due Process**

Plaintiffs contend they have a protected liberty interest in the decision of Plaintiff Cortez's application and Defendants are "infringing upon Plaintiffs' substantive due process rights by infringing on their fundamental liberty interest, specifically the right to freely exercise choice in matters of family life." ECF No. 1 at 12 ¶ 53.

Plaintiffs' Due Process claim, however, is foreclosed by the Supreme Court's decision in *Department of State v. Muñoz*, 602 U.S. 899 (2024). The Court held that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *Id*. at 909. While Plaintiffs frame their claim as implicating family life generally, the right they assert—to have a noncitizen spouse's waiver application adjudicated within a particular timeframe—necessarily depends on the noncitizen spouse's admission to the country, which *Muñoz* forecloses. Consistent with this precedent, the Court concludes Plaintiffs have failed to plausibly allege a violation of a fundamental liberty interest.

ORDER - 8

## CONCLUSION

For the reasons stated above, the Court grants Defendants' Motion to Dismiss.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 11**, is **GRANTED**.

2. Plaintiffs' Complaint, **ECF No. 1**, is **DISMISSED** without prejudice.

The District Court Executive is directed to file this Order, **enter judgment** for Defendants, provide copies to counsel, and **CLOSE THE FILE**.

DATED October 27, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 9